# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-1087V
(not to be published)

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * | | |
| HOGLA PRADO, | * | Chief Special Master Corcoran |
| | * | |
| Petitioner, | * | Filed: May 23, 2022 |
| | * | |
| v. | * | |
| | * | |
| SECRETARY OF HEALTH AND HUMAN SERVICES | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * | | |

*Brynna Gang*, Law Offices of Chicago-Kent College of Law, Chicago, IL, for Petitioner

*Benjamin Patrick Warder*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION GRANTING IN PART MOTION FOR ATTORNEY'S FEES AND COSTS[1]

On March 19, 2021, Hogla Prado filed a petition seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] Petitioner alleged that she developed chronic urticaria and an ongoing chronic skin condition due to measles, mumps, and rubella, and tetanus, diphtheria, pertussis vaccines, administered on May 29, 2018. (ECF No. 1) ("Pet.") at 1.

---

[1] Although I have not formally designated this Decision for publication, it will nevertheless be posted on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id*.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

The claim was litigated for just over a year, but ultimately Petitioner filed an unopposed motion for a decision dismissing her petition because she could not prove entitlement under the standard of proof required in the Vaccine Program. ECF No. 28 at 1. I subsequently issued an Order Concluding Proceedings Pursuant to Vaccine Rule 21(a). ECF No. 29.

Petitioner has now filed a motion for a final award of attorney's fees and costs. Motion, dated May 5, 2022 (ECF No. 32). Petitioner requests a total of $14,004.00 in attorney's fees and costs ($10,456.50 in fees, plus $3,547.50 in costs) for the work of multiple attorneys, including Ms. Brynna Gang and Mr. Edward Kraus, plus paralegals, from April 2019 to the present date. ECF No. 382 at 10–15. Respondent reacted to the fees request on May 18, 2022. *See* Response, May 18, 2022 (ECF No. 33). Respondent is satisfied that the statutory requirements for an attorney's fees and costs award are met in this case, but defers the calculation of the amount to be awarded to my discretion. *Id.* at 2–3.

For the reasons set forth below, I hereby **GRANT IN PART** Petitioner's motion, awarding fees and costs in the total amount of **$13,004.00**.

## ANALYSIS

**I.     Petitioner's Claim had Reasonable Basis**

Although the Vaccine Act only guarantees a reasonable award of attorney's fees and costs to successful petitioners, a special master may also award fees and costs in an unsuccessful case if: (1) the "petition was brought in good faith"; and (2) "there was a reasonable basis for the claim for which the petition was brought." Section 15(e)(1). I have in prior decisions set forth at length the criteria to be applied when determining if a claim possessed "reasonable basis" sufficient for a fees award. *See, e.g.*, *Sterling v. Sec'y of Health & Hum. Servs.*, No. 16-551V, 2020 WL 549443, at *4 (Fed. Cl. Spec. Mstr. Jan. 3, 2020). Importantly, establishing reasonable basis does not *automatically* entitle an unsuccessful claimant to fees, but is instead a threshold obligation; fees can still thereafter be limited, if unreasonable, or even denied entirely.

A claim's reasonable basis[3] must be demonstrated through some objective evidentiary showing. *Cottingham v. Sec'y of Health & Hum. Servs.*, 971 F.3d 1337, 1344 (Fed. Cir. 2020) (citing *Simmons v. Sec'y of Health & Hum. Servs.*, 875 F.3d 632, 635 (Fed. Cir. 2017)). This objective inquiry is focused on the *claim*—counsel's conduct is irrelevant (although it may bulwark good faith). *Simmons*, 875 F.3d at 635. Reasonable basis inquiries are not static—they

---

[3] Because this claim's good faith is not in dispute, I do not include a discussion of the standards applicable to that fees prong.

evaluate not only what was known at the time the petition was filed, but also take into account what is learned about the evidentiary support for the claim as the matter progresses. *Perreira v. Sec'y of Health & Hum. Servs.*, 33 F.3d 1375, 1377 (Fed. Cir. 1994) (upholding the finding that a reasonable basis for petitioners' claims ceased to exist once they had reviewed their expert's opinion, which consisted entirely of unsupported speculation).

The standard for reasonable basis is lesser (and thus inherently easier to satisfy) than the preponderant standard applied when assessing entitlement, as cases that fail can still have sufficient objective grounding for a fees award. *Braun v. Sec'y of Health & Hum. Servs.*, 144 Fed. Cl. 72, 77 (2019). The Court of Federal Claims has affirmed that "[r]easonable basis is a standard that petitioners, at least generally, meet by submitting evidence." *Chuisano v. Sec'y of Health & Hum. Servs.*, 116 Fed. Cl. 276, 287 (Fed. Cl. 2014) (internal quotations omitted) (affirming special master). The factual basis and medical support for the claim is among the evidence that should be considered. *Carter v. Sec'y of Health & Hum. Servs.*, 132 Fed. Cl. 372, 378 (Fed. Cl. 2017). Under the Vaccine Act, special masters have "maximum discretion" in applying the reasonable basis standard. *See, e.g.*, *Silva v. Sec'y of Health & Hum. Servs.*, 108 Fed. Cl. 401, 401–02 (Fed. Cl. 2012).[4]

Based upon the record filed in this matter, I cannot determine that it was self-evident from the start that no objective facts existed to support it. In addition, Respondent has identified no reasonable basis objections. Accordingly, in light of the extremely lenient standard that governs reasonable basis determinations, a final award of fees and costs in this matter is permissible. I otherwise find no discretionary basis for denial of a final fees award.

## II.    Calculation of Fees

Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method - "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bases the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C.,

---

[4] *See also Chuisano*, 116 Fed. Cl. at 285 (cautioning against rigid rules or criteria for reasonable basis because they would subvert the discretion of special masters and stating that an amorphous definition of reasonable basis is consistent with the Vaccine Act as a whole).

3

for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "*Davis* exception"). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioner requests the following rates for her attorneys, based on the years work was performed:

|                             | **2019** | **2020** | **2021** | **2022** |
|-----------------------------|----------|----------|----------|----------|
| **Brynna Gang (Attorney)**  | -        | $300.00  | $325.00  | $350.00  |
| **Edward Kraus (Attorney)** | -        | -        | $458.00  | -        |
| **Paralegals**              | $145.00  | $160.00  | $170.00  | $170.00  |

ECF No. 32 at 10–15.

Attorneys at the Vaccine Injury Litigation Clinic, Chicago-Kent College of Law have long been recognized to practice in-forum, entitling them to commensurate rates established in *McCulloch*. *See Piatek v. Sec'y of Health & Hum. Servs.*, No. 16-524V, 2021 WL 5755318, at *3 (Fed. Cl. Spec. Mstr. Sept. 20, 2021). The requested rates are also consistent with what has previously been awarded in accordance with the Office of Special Masters' fee schedule.[5] *See O.M.V. v. Sec'y of Health & Hum. Servs.,* No. 16-1505V, slip op. (Fed. Cl. Spec. Mstr. Apr. 29, 2022). I thus find no cause to reduce them in this instance. I also deem the time devoted to the matter reasonable, and will therefore award it without adjustment.

### III.   Calculation of Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002); *Perreira v. Sec'y of Dep't of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992). Reasonable costs include the costs of obtaining medical records and expert time incurred while

---

[5] OSM Attorneys' Forum Hourly Rate Fee Schedules, https://www.uscfc.uscourts.gov/node/2914 (last visited Mar. 22, 2021).

working on a case. *Fester v. Sec'y of Health & Hum. Servs.*, No.10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioner seeks $3,547.50 in outstanding costs, including medical record retrieval costs and a consultation fee with a potential expert, Kyle Amber, M.D. ECF No. 32 at 17. Dr. Amber was retained by Petitioner as a medical expert in this case before Petitioner had determined that she would no longer pursue the claim (and it appears that very consultation assisted Petitioner's decision to dismiss). ECF No. 28 at 1. He submitted an invoice requesting $3,000.00, reflecting five hours of work, performed at an hourly rate of $600.00. ECF No. 32 at 32. Although the work performed by Dr. Amber is reasonable overall, he appears to be a new Program expert, making it inappropriate to award him so high a sum for his very first case. Petitioner has not otherwise defended the higher rate requested.

Instead, I determine that a slightly lower sum—$400.00 per hour—is a proper rate for a new Program expert. (I will be prepared in future cases to increase Dr. Amber's rate for subsequent years). Based on five hours of work, Dr. Amber will be awarded $2,000.00. All other requested costs in this matter appear reasonable, and they shall be awarded in full without reduction.

## CONCLUSION

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of a final fees award, I **GRANT IN PART** Petitioner's Motion for Attorney's Fees and Costs, and award a total of **$13,004.00,** reflecting $10,456.50 in attorney's fees and $2,547.50 in costs in the form of a check made jointly payable to Petitioner and her attorney Ms. Brynna Gang.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this decision.[6]

**IT IS SO ORDERED.**

s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[6] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.